IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| SHAUN MICHAEL LINKO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil Action Nos.   2:16-01478 |
| | ) | Criminal Action No. 6:13-00037 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's letter-form Motion to Withdraw (Document No. 57), filed on February 18, 2016. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 58.)

**FACTUAL BACKGROUND**

On April 23, 2013, Movant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 6:13-00036, Document Nos. 36 and 37). On November 14, 2013, the District Court sentenced Movant to a term of 78 months of imprisonment to be followed by a three-year term of supervised release. (Id., Document Nos. 41 and 43.) The District Court further imposed a special assessment of $100. (Id.) Movant did not file an appeal with the Fourth Circuit Court of Appeals.

On May 7, 2015, Movant, acting *pro se*,[1] filed a letter-form Motion to Modify Judgment.

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Id., Document No. 51.) First, Movant argued that he was improperly convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Id.) Specifically, Movant claimed that "the statute only allows for as many firearm counts as there are firearms." (Id.) Thus, Movant appeared to argue that he was improperly convicted of violating both 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (Id.) Next, Movant contended that his sentence was improperly enhanced pursuant to U.S.S.G. § 2K2.1(b)(6)(B). (Id.)

By Order entered on February 11, 2016, the undersigned notified Petitioner of its intention to re-characterize his letter-form Motion to Modify Judgment (Id., Document No. 51) as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Id., Document No. 56.) The Court further ordered as follows:

> [I]t is hereby **ORDERED** that Movant should inform the Court in writing by **March 10, 2016**, if he does not wish to have his Motion re-characterized as a motion under Section 2255. Should Movant not file a response to this Order and Notice, the Court will consider the Motion as a Motion filed under Section 2255 . . . . Should Movant not agree with the Court that his Motion should be re-characterized as a Section 2255 Motion, the Court will rule upon the Motion as filed under 18 U.S.C. § 3582.

(Id., p. 4.) On February 18, 2016, Movant filed his letter-form Motion to Withdraw. (Document No. 57.) Specifically, Movant states that he "would like to withdraw any motions, or other open files I have in federal court. I was misinformed by prisoners and was ill-advised." (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a Movant may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Movant's Motion nor otherwise pled. Accordingly, the undersigned respectfully recommends that Movant's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i). See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## **PROPOSED FINDINGS AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's letter-form Motion to Withdraw (Document No. 57), **DISMISS** Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Document No. 51), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge

Johnston, and this Magistrate Judge.

  The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

  Date: February 23, 2016.

                                                                                      Omar J. Aboulhosn
                                                                                      United States Magistrate Judge